UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF
JAMES EDMUND BAKER           CIVIL NO. 3:02GP21 PCD (DLB)

AUGUST 24, 2004

**PRESENTMENT**

To the Honorable United States District Court for the District of Connecticut comes the Grievance Committee of the United States District Court for the District of Connecticut, duly appointed and qualified, and makes presentment to said Court by its counsel, David L. Belt, that Respondent **James Edmund Baker**, a member of the Bar of Said Court, has violated the Rules of Professional Conduct.

The Committee makes a complaint and says:

1. James Edmund Baker, Respondent, is an attorney at law, having been admitted to the Bar of the United States District Court for the District of Connecticut on March 2, 1990.

2. On October 18, 1990, Respondent was duly admitted to the Florida Bar.

3. By decision dated January 31, 2002, the Supreme Court of Florida suspended Respondent from the practice of law for ninety-one (91) days, and ordered him to successfully complete a Professional Enhancement Program prior to reinstatement for conduct arising out of signing his wife's name to several legal documents in connection with their home without her consent and requesting his secretary to notarize the forged

signatures. A copy of the Judgment of the Supreme Court of Florida dated January 31, 2002 is attached hereto as Exhibit A.

4. In particular, the Florida Supreme Court found that Respondent and his ex-wife Ellen owned a home in Dade County (the home) as tenants by the entirety. They lived in New York until approximately April 1997, when Respondent relocated to Fort Myers for employment as an attorney for the Lee County School Board. Ellen remained in New York. The couple subsequently had marital problems, and Ellen obtained a restraining order against Respondent. In April 1997, the home became subject to a foreclosure, and Respondent decided to sell it. Respondent located a buyer in July 1997 and executed a contract to sell the home. Respondent then retained attorney Larry Parks to represent him in the closing. Prior to the closing, Respondent signed Ellen's name to several legal documents relating to the sale, including a warranty deed, a power of attorney, a bill of sale, and a Foreign Investor in Real Property Tax (FIRPTA) affidavit. Ellen did not consent to Respondent's signing of her name. Respondent also asked his secretary, Marnell Keller, to notarize the forged signatures. Respondent never disclosed that he had signed the documents and that he led Keller to believe that Ellen had simply forgotten to have her signature notarized. Keller unlawfully notarized two of the forged signatures. Respondent then sent documents to Parks, who used them in the July 14, 1997, closing for the sale of the home. Respondent did not inform Parks that Respondent had signed Ellen's name on the documents, nor did he tell Parks that the documents had been unlawfully notarized. The home was sold for a net gain of approximately $29,000 and Respondent deposited $20,000 of the proceeds into his personal account. Ellen had no access to the deposited proceeds and received no notice that the home had been sold or that the deposit had been made. Respondent which claim was not contested, that the immediate sale of the home

was to avoid foreclosure and that the proceeds from the sale of the home were only used to pay marital debt. On July 16, 1997, Ellen received blank closing documents and a note from Respondent indicating that a buyer had been found for the home. The note requested that Ellen sign and return the blank paperwork. When contacted, Respondent refused to give Ellen any details regarding the sale, and Ellen therefore refused to sign the blank paperwork. Ellen learned of the sale of the home in March of 1998.

5. By Order dated November 5, 2002, the Superior Court for the State of Connecticut, pursuant to an application of the Statewide Grievance Committee, granted an order of reciprocal discipline, suspending Respondent for 91 days and providing that he may be reinstated on proof that he had been reinstated in Florida. A copy of the Court's order is attached hereto as Exhibit B.

6. By order dated September 4, 2003, the Supreme Court of Florida reinstated Respondent. A copy of the Court's order is attached hereto as Exhibit C.

7. By order dated January 28, 2004, the Superior Court for the State of Connecticut reinstated Respondent. A copy of the Court's order is attached hereto as Exhibit D.

Wherefore, the undersigned, on behalf of the Grievance Committee of the United States District Court, for the District of Connecticut, pursuant to Rule 83.2(f), prays that Respondent James Edmund Baker be ordered to answer this Presentment within thirty (30) days of service of the order to show cause and to appear and show cause why he should not be suspended for ninety-one days, concurrent with the Order of the Superior Court for the State of Connecticut or otherwise disciplined for the reasons set forth above, that such proceedings be had on this Presentment as provided in Local Rule 83.2, and that the Court enter such orders that the Court deems appropriate.

Dated at New Haven this 24th day of August, 2004.

THE FEDERAL GRIEVANCE COMMITTEE

By _____
David L. Belt (ct04274)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, CT 06503
Tel.: (203) 772-3100
Fax: (203) 772-1691
E-mail: dbelt@jacobslaw.com
Counsel to the Federal Grievance Committee


TO THE CLERK:

Please enter my appearance for
The Grievance Committee of the United
States District Court for the District of Connecticut

By _____
David L. Belt (ct04274)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, CT 06503
Tel.: (203) 772-3100
Fax: (203) 772-1691
E-mail: dbelt@jacobslaw.com
Counsel to the Federal Grievance Committee